# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DAVID ROBERT WEST**                                                                **PLAINTIFF**
**ADC #165254**

**V.**                                      **CASE NO.  4:21-cv-00016 JM**

**ASHLEY P. SULLIVAN, Parole**                                              **DEFENDANTS**
**Officer,** *et al.*

## ORDER

Plaintiff David Robert West, in custody at the Cummins Unit of the Arkansas Division of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 2).  He also filed an application for leave to proceed *in forma pauperis*.  (Doc. No. 1).  Because West makes the showing required by 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.  His Complaint, however, will be dismissed for failure to state a claim on which relief may be granted.

### I.  *In Forma Pauperis* Application

Because West has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. No. 1) will be granted. The Court does not assess an initial partial filing fee.  West's custodian must collect the $350 filing fee in monthly payments equal to 20% of the preceding month's income in West's institutional account each time the amount in that account is greater than $10. West's custodian must send those payments to the Clerk until a total of $350 has been paid. These payments should be clearly identified by the name and number assigned to this action.

## II.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly*, 550 U.S. at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.  Discussion

West, a sex offender, is currently incarcerated for a parole violation in connection with possession of a weapon.  (Doc. No. 2 at 3, 5, 11).  He sued Parole Officer Ashley P. Sullivan, Hearing Officer Evelyn Gomez, Pulaski County Deputy Joseph Dunn, and

Connie Joe Kelsey—West's landlord; West sued all Defendants in their personal and official capacities. (*Id*. at 1-3). West's claims arise out of the revocation of his parole. He alleges that Sullivan lied during his parole revocation hearing, Gomez allowed her to do so, and that false evidence was considered. (*Id*. at 4, 7-13.). West complains that he was found guilty of violating conditions without having been convicted of the related criminal charges. (*Id*. at 4.) He also complaints about procedural irregularities with his revocation hearing and asserts he was denied "an indigent attorney." (*Id*.). Additionally, West believes his short term parole revocation was wrongfully turned into a six month revocation, and that he should not have to go before the parole board before being released. (*Id*.).

West's allegations against Dunn are not entirely clear. West writes: "Sullivan then retracted her statement. Officer Dunn was informed on camera about the landlord Connie Kelsey & her tenants harassing me due to my charges & Dunn had another cop see me about these issues doing nothing about it, when it was Dunn's job being the S.O. cop." (Doc. No. 2 at 5, 12). According to West, Kelsey and Kelsey's tenants harassed him. (*Id*. at 5).

West's 99-page Complaint includes mention conditions of confinement and other complaints unrelated to his parole revocation. Further, West included ADC grievances, disciplinary violations, and other documents in support of his claims.

### A.   **Defendant Kelsey**

West brought suit under 42 U.S.C. § 1983. Section 1983 creates a cause of action for the violation of constitutional rights by a person acting under the color of state law.

3

42 U.S.C. § 1983.  Kelsey, West's landlord, is a private actor.  To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights."  *Magee v. Trustee of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (internal citation omitted).  To have stated a § 1983 claim, then, against Kelsey, West would have had to allege facts that indicate joint activity with a state actor.  But West asserts only that Kelsey harassed him because of his charges.  (Doc. No. 2 at 5.)  Because West did not allege that Kelsey was a willful participant in joint activity with a state actor, West failed to state a § 1983 claim against Kelsey.  Accordingly, West's claims against Kelsey will be dismissed without prejudice.

    **B.**    **Defendant Dunn**

As mentioned above, West's allegations against Dunn are unclear.  West alleges "Sullivan then retracted her statement.  Officer Dunn was informed on camera about the landlord Connie Kelsey & her tenants harassing me due to my charges & Dunn had another cop see me about these issues doing nothing about it, when it was Dunn's job being the S.O. cop."  (Doc. No. 2 at 5.)  Section 1983 creates a cause of action for the violation of constitutional rights.  42 U.S.C. § 1983.  Even liberally construing West's Complaint, his allegations against Dunn do not rise to the level of a constitution violation.  As such, West's claims against Dunn will be released without prejudice.

    **C.**    **Challenge of Parole Revocation Barred by *Heck* and *Newmy***

West challenges the revocation of his parole.  He seeks $2.3 million in damages and asks that "everyone [be] fined."  (Doc. No. 2 at 5.)  West also asks not to have to register as a sex offender.  (*Id.*).  If a judgment in favor of a prisoner in a § 1983 action would

4

necessarily imply the invalidity of the state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). A claim for damages based on the invalidity of the state conviction, continued imprisonment, or sentence "that has not been so invalidated is not cognizable under § 1983." *Id*. at 487. The holding of *Heck* has been applied to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Nothing in West's pleadings indicates that his revocation has been called into question by issuance of a federal writ of *habeas corpus*, and any judgment in his favor would imply the invalidity of his revocation. Accordingly, West's damages claim challenging his revocation is barred under the Supreme Court's holding in *Heck*. The Court notes West's official capacity claims are the equivalent of claims against the State of Arkansas and are also barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

To the extent West asks not to be required to register as a sex offender, that relief is not available in this § 1983 action.

    **C.    Right to Counsel**

West asserts he was denied counsel. (Doc. No. 2 at 13). But [t]he Sixth Amendment right to counsel applies only in a criminal prosecution, and a revocation hearing is an entirely different type of proceeding." *U.S. v. Owen,* 854 F.3d 536, 541 (8th Cir. 2017) (citing *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972)). Accordingly, both these claims fail.

necessarily imply the invalidity of the state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). A claim for damages based on the invalidity of the state conviction, continued imprisonment, or sentence "that has not been so invalidated is not cognizable under § 1983." *Id*. at 487. The holding of *Heck* has been applied to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Nothing in West's pleadings indicates that his revocation has been called into question by issuance of a federal writ of *habeas corpus*, and any judgment in his favor would imply the invalidity of his revocation. Accordingly, West's damages claim challenging his revocation is barred under the Supreme Court's holding in *Heck*. The Court notes West's official capacity claims are the equivalent of claims against the State of Arkansas and are also barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

To the extent West asks not to be required to register as a sex offender, that relief is not available in this § 1983 action.

**C.     Right to Counsel**

West asserts he was denied counsel. (Doc. No. 2 at 13). But [t]he Sixth Amendment right to counsel applies only in a criminal prosecution, and a revocation hearing is an entirely different type of proceeding." *U.S. v. Owen,* 854 F.3d 536, 541 (8th Cir. 2017) (citing *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972)). Accordingly, both these claims fail.

### D.     Defendant Gomez

West identified Gomez as his parole hearing officer.  A hearing officer performs functions that are judicial in nature and, with limited exception not called into question by West's allegations, is entitled to absolute immunity.  *See Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996.)

### E.     Unrelated Claims

Along with his revocation-related claims, West mentions numerous other unrelated issues ranging from Covid-19 to being slammed in the hand by a cart, having a hard time with the staff at Cummins, being transported to various County Detention Centers, and being placed in restrictive housing, among other things.  Only claims properly joined under Rule 20 of the Federal Rules of Civil Procedure will be allowed to proceed together in one lawsuit.  West's additional allegations involve individuals currently not named as Defendants and not involved with the revocation of West's parole.  To the extent West wishes to bring claims against these individuals, defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).  Because that is not the case here, the Court will not consider West's unrelated allegations at this time.  If he wishes, West may file a separate lawsuit raising these issues.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. West's motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.

2. West's custodian, the Warden of the Cummins Unit of the Arkansas Division of Correction, is directed to collect monthly payments equal to 20% of the preceding month's income in West's institutional account each time the amount in West's account is greater than $10. West's custodian must send those payments to the Clerk until a total of $350 has been paid. All payments made on West's behalf must be identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this order to the Warden of the Cummins Unit of the Arkansas Division of Correction, P.O. Box 500, Grady, Arkansas, 71644; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

4. West's claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

5. West's Complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE.

6. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

7.      This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 15th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE